SUMMARY ORDER

Petitioner Rui Chen, a native and citizen of the People’s Republic of China, seeks review of a March 19, 2008 order of the BIA denying his motion to reopen. In re Rui Chen, No. A73 679 777 (B.I.A. Mar. 19, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, we note that Chen has not challenged in this Court the BIA’s finding that he failed to demonstrate changed country conditions excusing the time limitation for filing his motion to reopen, and has therefore forfeited such a challenge. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).
We review the BIA’s denial of a motion to reopen for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). The BIA did not abuse its discretion in denying Chen’s untimely motion to reopen.
Indeed, we find no error in the BIA’s conclusion that Chen failed to exercise due diligence in pursuing reopening based on his claim of ineffective assistance of counsel where he did not describe taking any actions in his proceedings during the six year period he sought to toll. See Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007) (citing several cases in which the Court held that “a petitioner who waits two years or longer to take steps to reopen a proceedings ha[d] failed to demonstrate due diligence”). Moreover, Chen’s argument that he demonstrated due diligence after discovering his former counsel’s purportedly ineffective assistance in October 2007 is unavailing where he provided no details as to his actions during the more than five year period prior to his discovery of his claim. See Rashid v. Mukasey, 533 F.3d 127, 131 (2d Cir.2008) (requiring a movant to demonstrate “due diligence” in pursuing a claim during “both the period of time before the ineffective assistance of counsel was or should have been discovered and the period from that point until the motion to reopen is filed”).
Because the BIA reasonably concluded that Chen failed to demonstrate due diligence in pursuing reopening, it did not err in declining to toll the time period for filing his motion to reopen and in denying his motion as untimely. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006) (requiring an alien to demonstrate due diligence as a factor independent from the requirement of demonstrating that former counsel’s performance was ineffective).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this peti *63 tion is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).